BEFORE THE SECOND DIVISION, JULY 2, 1959

No. 63217.—D. E. Sanford Company *v.* United States, protest 265345–K (San Francisco).

RAO, Judge:   Plaintiff is the importer of certain cast-iron cooking pots, known as "Hibachi" stoves, which were assessed with duty at the rate of 22½ per centum ad valorem pursuant to the provision in paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, for articles of iron, not specially provided for.   It is here claimed that said stoves are dutiable at the rate of 12½ per centum ad

valorem, as iron cooking stoves of the household type, within the provisions of said paragraph 397, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

The respective modifications of paragraph 397, *supra*, read as follows:

T.D. 51802, *supra*—

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

Other (except \* \* \*) _____ 22½% ad val.

T.D. 52739, *supra*—

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other base metal, but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

All the following, if not wholly or in chief value of lead, tin, or tin plate:

\* \* \* \* \* \* \*

Cooking and heating stoves of the household type (not including portable stoves designed to be operated by compressed air and kerosene or gasoline), and parts thereof_____ 12½% ad val.

A sample, representative of the imported stoves, is in evidence as plaintiff's collective illustrative exhibit 1. It consists of a round iron potlike vessel, with a wooden base and handles, a fire-bowl, a grate, and a grill.

Three witnesses testified for the plaintiff, and, in addition, the record in the case of *K. Samura Shoten* v. *United States*, 2 Cust. Ct. 45, C.D. 84, was incorporated into evidence. No testimony was introduced by the defendant.

Although the witnesses for the plaintiff herein were not shown to have any extensive experience in observing the use of the subject stoves, each was the owner of one and had had some opportunity to see how friends and neighbors had used them. They agreed that the stoves are generally used in the home for charcoal cooking and broiling of such items of food as steaks, hotdogs, hamburgers, oriental dishes, beans, etc. The handles and wooden stands adapt the stoves for portability and for use in living rooms, kitchens, porches, and backyards. None of the witnesses had ever seen stoves of this type used on picnics.

It further appears that the stoves are fired by charcoal or briquettes, and the intensity of heat generated can be regulated quickly and easily by opening and closing the small draft doors near the base of the articles.

The parties have stipulated that the stoves are not in chief value of lead, tin, or tin plate.

Similarly testimony was given in the incorporated case, which was therein summarized as follows:

Upon this record counsel for the Government in his brief filed herein contends that the plaintiff has failed to sustain the burden of proving that the

metal stoves in question are cooking and heating stoves of the household type within the meaning of the Swedish Trade Agreement, *supra.* We do not agree with this contention. In our opinion the evidence discloses that these stoves are chiefly used for cooking in the homes of the Japanese residents of Hawaii. The fact that because they burn charcoal they are chiefly used out-of-doors in the yards or gardens of residences for cooking for the family use does not change their character as stoves of the household type. The circumstance emphasized by counsel for the Government that these stoves are not in general use in homes of other than Japanese is wholly immaterial.

Similar considerations prompt us to reach the same conclusion here. The evidence establishes that the subject stoves are used primarily in and about the home for cooking purposes, and that they are not designed to be operated by compressed air and kerosene or gasoline, which would seem to bring these articles within the purview of the description contained in the modification of paragraph 397 made by the Torquay protocol, *supra.*

Upon the established facts and the cited authority, we hold the merchandise at bar to be dutiable, as claimed, at the rate of 12½ per centum ad valorem, as cooking and heating stoves of the household type, as provided in said paragraph 397, as modified by T.D. 52739. The claim in the protest to that effect is sustained.

Judgment will be entered accordingly.