BEFORE THE SECOND DIVISION, DECEMBER 3, 1962

No. 67238.—Mark Ross & Co. and Arthur J. Fritz & Co. *v.* United States, protest 59/29533 (San Francisco).

FORD, Judge:   The merchandise covered by the suit listed above was described on the invoice as "Mini Bachi, 4½"," and part S–67, consisting of top grill and ash grate of the Mini Bachi, all of which were assessed with duty at the rate of 17 per centum ad valorem under the provisions of paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.   The items described on the invoice as part S–91, top grill of iron stove, and part S–98, top grill of iron stove, were assessed with duty at the rate of 19 per centum ad valorem under the provisions of paragraph 397 of the Tariff Act of 1930, as modified by said sixth protocol, *supra*.

Plaintiffs contend the above merchandise is properly subject to duty at 12½ per centum ad valorem under the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

The pertinent portions of the statutes involved herein are as follows:

Paragraph 339 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:

     \*      \*      \*      \*      \*      \*      \*

    Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

     \*      \*      \*      \*      \*      \*      \*

    Other base metal:

     \*      \*      \*      \*      \*      \*      \*

        Other_____ 17% ad val.

Paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

     \*      \*      \*      \*      \*      \*      \*

Not wholly or in chief value of tin or tin plate:

\*      \*      \*      \*      \*      \*      \*

Other, composed wholly or in chief value or iron, steel, brass, bronze, zinc, or aluminum \* \* \* _____ 19% ad val.

Paragraph 397 of the Tariff Act of 1930, as modified by T.D. 52739, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*      \*      \*      \*      \*      \*      \*

All the following, if not wholly or in chief value of lead, tin, or tin plate:

\*      \*      \*      \*      \*      \*      \*

Cooking and heating stoves of the household type (not including portable stoves designed to be operated by compressed air and kerosene or gasoline), and parts thereof_____ 12½% ad val.

The record herein consists of the testimony of two witnesses, called on behalf of plaintiffs, and the receipt in evidence of a sample of an imported Mini Bachi, as plaintiffs' illustrative exhibit 1, as well as the grills of a 10-inch diameter Hibachi and a 12-inch by 8-inch Hibachi, which were received in evidence as plaintiffs' illustrative exhibits 2 and 3, respectively. The record in the case of *D. E. Sanford Company* v. *United States*, 43 Cust. Ct. 296, Abstract 63217, which incorporated the record in *K. Samura Shoten* v. *United States*, 2 Cust. Ct. 45, C.D. 84, was incorporated herein.

Both witnesses testified that they personally use items such as exhibit 1 and have seen them used in the homes of friends for the purpose of cooking small pieces of meat, sausages, meatballs, and hors d'oeuvres, as well as keeping food warm.

In the *Sanford* case, *supra*, the court held certain Hibachis to fall within the provision for cooking stoves of the household type, as claimed by plaintiffs herein. In the *Samura Shoten* case, *supra*, cast-iron stoves having the Japanese name "Konro" or "Mischibigi konro" were held to fall within the provision for cooking stoves of the household type. While the decisions in these cases do not give the sizes, they do state that they employ charcoal for fuel. The record herein also establishes that a Mini Bachi uses charcoal for fuel and their purposes appear to be the same. However, we feel that since the involved stoves are actually utilized for the same purpose, although smaller, they are, in fact, covered by the provisions of paragraph 397, as modified, *supra*, as claimed by plaintiffs herein. While they may be small versions of a Hibachi, there is no evidence which refutes the fact that the involved Mini Bachi is utilized in the manner testified to by the witness called on behalf of plaintiffs. Accordingly, claim of plaintiffs with respect to the Mini Bachi is sustained.

With respect to the additional grills and ash grates imported for the Mini Bachi and the Hibachi and covered by this protest, we find they too are entitled to the rate of 12½ per centum ad valorem under paragraph 397, as modified, *supra*, as claimed, since the provision claimed hereunder covers parts thereof.

Judgment will be rendered accordingly.