(C.D. 4219)

STOR-ALL CORP. ET AL. v. UNITED STATES

## United States Customs Court, Second Division

(Decided May 18, 1971)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiffs.
*L. Patrick Gray III*, Assistant Attorney General (*Robert Blanc*, trial attorney), for the defendant.

Before RAO, FORD and NEWMAN, Judges

FORD, Judge: The cases listed above, consolidated for the purpose of trial, present for determination the proper classification of certain articles described on the invoice as barbecue motors. Said motors were classified under the provisions of paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as articles having as an essential feature an electrical element or device and consequently assessed with duty at the rate of 13¾ per centum ad valorem, plus the applicable internal revenue tax on the copper content as provided for under section 4541(3) of the Internal Revenue Code. The latter tax is not contested.

Plaintiffs contend said motors are parts of barbecues which are in fact stoves of the household type as provided for in paragraph 397, Tariff Act of 1930, as modified by said Torquay Protocol, *supra*, and are therefore subject to duty at the rate of 12½ per centum ad valorem. This is virtually a retrial of *James G. Wiley*, *Big Boy Mfg. Co.* v. *United States*, 63 Cust. Ct. 540, C.D. 3950 (1969), which overruled the protests therein on the ground that plaintiffs had failed to overcome the presumption of correctness attaching to the classification. The record of that case was not incorporated herein.

The pertinent portions of the statutory provisions involved provide as follows:

Paragraph 353:

> Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:
>
> \* \* \* \* \* \* \*
>
> Other (except \* \* \* cooking stoves and ranges; \* \* \*)_____ 13¾% ad val.

| | |
|---|---|
| Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part (not including X-ray tubes or parts thereof) _____ | The same rate of duty as the articles of which they are parts. |

Paragraph 397:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other base metal, but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

All the following, if not wholly or in chief value of lead, tin, or tin plate:

\* \* \* \* \* \* \*

| | |
|---|---|
| Cooking and heating stoves of the household type (not including portable stoves designed to be operated by compressed air and kerosene or gasoline), and parts thereof _____ | 12½% ad val. |

The record consists of the testimony of four witnesses called on behalf of plaintiffs and five exhibits received on their behalf.

Mr. Glad, of the law firm of Glad & Tuttle, produced a motor and a letter received by him from a principal of the Stor-All Corporation which were received in evidence as plantiffs' exhibit 1 and 1-A respectively. These exhibits were received by Mr. Glad after the decision in *Stor-All Corp.* v. *United States*, 48 Cust. Ct. 412, Abstract 66689 (1962), which involved barbecue parts but not the motors.

Mr. Ernest W. Busby, national sales manager for Big Boy Mfg. Co., testified that the business of the company is the manufacture of outdoor barbecues which are sold at wholesale throughout the country. His job requires traveling and in the year 1962, he traveled to San Francisco, Seattle, Salt Lake City, Denver, Dallas, Houston, Kansas City, St. Louis, Minneapolis, Boston, New York, Philadelphia and Florida and had observed their use on patios and in the backyards of private homes. Counsel stipulated that the Big Boy stoves are not designed to be operated by compressed air, kerosene or gasoline.

Exhibit 2 was identified by witness Busby as the motor in its condition as imported and exhibit 3 in its finished condition after the case and wiring were added in the United States. The imported motors are used on barbecues to turn the spit which contains the ham, chicken, turkey or roasts, over the charcoal fire. The models which employ the motorized spits have been observed by him in the immediate vicinity of private homes. They would be too large for use on picnics. Big Boy Mfg. Co. does make small portable type barbecues for picnics but they do not contain a spit. In addition, there would be no electricity to energize the motor on a picnic.

The barbecues illustrated in plaintiffs' exhibit 4 do not have any commercial use since they are not large enough for a commercial establishment. The barbecue may be utilized as a grill without the motorized spit. The use of them does not vary from one part of the country to another although the type of food might vary.

The barbecue itself which is manufactured in the United States is made of cold rolled steel. The only parts not of metal are the wheels and the wooden knob at the end of the spit. No lead or tin plate is used nor are any parts plated with platinum, gold, or silver, or colored with gold lacquer.

The witness was familiar with the line of merchandise manufactured by Stor-All Corporation having been a competitor for approximately 4 years. Certain of its merchandise was similar to that manufactured by the Big Boy Mfg. Co. Plaintiff's exhibit 1 was similar to the motor imported by the Big Boy Mfg. Co. except the gears of plaintiffs' exhibit 1 were on the inside while the gears on exhibit 2 were exposed and had a spit mount attachment on exhibit 1 (wrapped in red tape) while exhibit 2 had a square recessed hole for the spit. Plaintiff's exhibit 2 was mounted by sliding it into a flange. On some models a hood and motor could be added in which event the motor would not be a replacement but an accessory.

Mr. Harold M. Bowness, general manager of Big Boy Mfg. Co., confirmed the material of which the barbecue itself was made and he circled in red the barbecues with motorized spits.

Mr. Richard C. Moore, a manufacturer's representative for Big Boy Mfg. Co. for 15 years, is familiar with its line of merchandise and has seen barbecues used in the backyards of private homes with the motorized spits in various places including Chicago, San Francisco, Seattle, southern California and San Diego. Commercial stoves employing charcoal are massive, heavy stoves with a larger capacity for food. Mr. Moore has never seen barbecues made by Big Boy Mfg. Co. which use electric motors such as exhibit 2 used anywhere other than around the home.

Counsel for plaintiffs have moved to incorporate the record in the *Stor-All* case, *supra*, which is objected to by defendant. Rule 20 of the Rules of this Court in effect at the time of the trial requires that the record in the case to be incorporated involve the same question of law and fact. While the basic issue is the same, i.e., whether certain articles are parts of stoves of the household type, the merchandise herein is classified differently. One of the issues of fact was stipulated in Abstract 66689, *supra*, and contested in this action, hence we deny the motion to incorporate the record, as the case does not involve questions of law and fact substantially the same in character as in the previously decided case.

This case presents for determination two basic issues. The first being whether the imported articles are "parts" of barbecues. The second being whether barbecues, used on the patio or in backyards in the immediate vicinity of a private home, are stoves of the household type. If both are affirmatively established to the satisfaction of the court, plaintiffs must succeed. However, failure of proof of either will result in the upholding of the classification.

The question of parts under the Tariff Act of 1930 has been the subject of much litigation and as a result, the Tariff Commission in its revision of the tariff statutes of the United States has provided an interpretative rule for "parts" in General Interpretative Rule 10 (ij).

Judicial determination as to what constitutes a "part" of another article requires dedication to use in that article. *Gallagher & Ascher Company* v. *United States*, 52 CCPA 11, C.A.D. 849 (1964) ; *United States* v. *Ford Motor Company*, 51 CCPA 22, C.A.D. 831 (1963) ; *Ford Motor Company* v. *United States*, 56 CCPA 19, C.A.D. 946, 403 F. 2d 277 (1968). The fact that the barbecue may be sold or used without the motor or the motor is sold as a replacement or for modification of certain models does not militate against the involved merchandise being considered a "part" under the tariff statute. *Gallagher & Ascher*, *supra; Trans Atlantic Company* v. *United States*, 48 CPA 30, C.A.D. 758 (1960).

We are of the opinion that the motors are dedicated to use with barbecues and while the barbecue may be used without the motor it is nevertheless a "part" for tariff purposes. *United States* v. *Antonio Pompeo*, 43 CCPA 9, C.A.D. 602 (1955).

Whether a barbecue of the type utilizing an electrically driven motorized spit is a stove of the household type within the intendment of the statute is of next consideration.

Historically, this court has held for over 30 years stoves employing charcoal as a fuel for cooking in the home, patio and yards

to be within the purview of the statutory provision for stoves of the household type provided for in paragraph 397, *supra. K. Samura Shoten* v. *United States*, 2 Cust. Ct. 45, C.D. 84 (1939) (Konro stoves) ; *D. E. Sanford Company* v. *United States*, 43 Cust. Ct. 296, Abstract 63217 (1959) (Hibachi stoves) ; *Stor-All Corp.* v. *United States, supra* (parts of barbecues) ; *Mark Ross & Co. et al.* v. *United States*, 49 Cust. Ct. 315, Abstract 67238 (1962) (Mini Bachi).

The record in the instant case establishes to our satisfaction that the type of barbecue which utilizes the motor driven spit is chiefly used on the patio or in the backyard of private homes. Accordingly, and following the principles enunciated in the above cases, we hold the motor involved herein to be "parts" of stoves of the household type under the provision of paragraph 397, *supra*, as claimed by plaintiffs. The claim in the protests for this classification is therefore sustained.

Judgment will be entered accordingly.